802 F.2d 459
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WILLIAM H. SMITH, Plaintiff-Appellant
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendants-Appellee.
 No. 85-5834.
 United States Court of Appeals, Sixth Circuit.
 Aug. 15, 1986.
 
 Before: MERRITT and MARTIN, Circuit Judges; and WEBER, District Judge*
 MERRITT, Circuit Judge.
 
 
 1
 The sole issue in this case is whether there is substantial evidence to support the Administrative Law Judge's decision that Mr. Smith is capable of light work. All parties agree that Smith suffers from a lower back disorder -- the question is whether that disorder is sufficiently severe to be disabling.
 
 
 2
 Mr. Smith was 47 years old at the time of the hearing; he has a fourth grade education, and his ability to read and write is limited. In the fifteen years prior to the hearing he worked as a yard man at a building supply store, a truck driver delivering wholesale groceries, and a tool and die setter at a lock plant. All of his past work experience involved at least medium activity. Mr. Smith last worked on May 30, 1979, shortly after an accident in which his back was injured.
 
 
 3
 As a result of the accident, he suffers low back pain as well as pain and numbness in the legs and arms. X-rays show that he suffers from a slipped disc in the lumbar region.
 
 
 4
 The evidence in this case makes it plain that Mr. Smith genuinely suffers from back trouble; the issue is whether that trouble is severe enough to cause disability. The clinical evidence is inconclusive: while there is hard evidence to show the evidence of a problem, the issue of disability turns on whether Mr. Smith's subjective complaints of pain are credible.
 
 
 5
 The Administrative Law Judge, Mr. Harry Nichol, found that they were not, in an unusually thorough and conscientious opinion. After examining the medical records, we are convinced that his decision was supported by substantial evidence.
 
 
 6
 The medical evidence in this case is confused and conflicting -- in fact, there is conflict within, as well as among the medical reports. Although Smith correctly points to medical evidence supporting the existence of his back condition, the ALJ was also correct in pointing to evidence of posturing. In several instances, evidence of both was present in the same report. For example, the report of Dr. Jack S. Johnson dated February 4, 1983 states that:
 
 
 7
 This appears to be a genuine and very severe problem, and one that is consistent with his [Smith's] complaint of being unable to work.
 
 
 8
 It also, however, discusses Smith's "rather marked posturing" during the examination, and notes that
 
 
 9
 Even mild percussion over the low back produces considerable wincing. There is a great deal of posturing when attempting to examine his back, and I do not feel that I can adequately evaluate it.
 
 
 10
 Another doctor (confusingly also named Johnson) agreed in a letter dated June 30, 1984 that there were disc problems, but said:
 
 
 11
 However, the X-Rays are not as severe as I had anticipated . . . . I have a feeling that Mr. Smith will not do any better than he has done before in his pursuit of a favorable disability judgment. Certainly there are patients with this degree of spinal disease who are able to function adequately.
 
 
 12
 Thus, the record is clearly in conflict as the ALJ stated.
 
 
 13
 It is not the function of the Court of Appeals to resolve conflicts in medical evidence. Instead, we look to see whether the ALJ's opinion is consistent with the law and supported by substantial evidence. Richardson v. Perales, 402 U.S. 389 (1971). See also Bobroff, Social Security Disability Benefits: Subject Matter Jurisdiction for Procedural Challenges, 4 Yale L. & Pol'y Rev. 103 (1986) (describing role of courts in Social Security cases).
 
 
 14
 Where, as here, the medical evidence is inconclusive with some showing disability and some that suggests malingering, and where the Administrative Law Judge has authored a careful and conscientious opinion, that opinion should not be lightly disturbed. Having reviewed the record, we are of the opinion that the ALJ's determination should be upheld.
 
 
 
 *
 The Honorable Herman J. Weber, Judge of the United States District Court for the Southern District of Ohio, sitting by designation